[No. 3,392.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. PROSPERO, AN INDIAN.

ORAL INSTRUCTIONS IN CRIMINAL CASE.—It is error *per se* for a trial Court; in a criminal case, to give to the jury any charge or instructions otherwise than in writing, except by the express consent of the parties, and the consent cannot be inferred, from a failure to object at the time the oral charge is given.

APPEAL from the District Court of the Seventeenth Judicial District, San Bernardino County.

The facts are stated in the opinion.

*H. C. Rolfe* and *B. B. Watson*, for Appellant.

*John L. Love, Attorney General*, for Respondents.

By the Court, NILES, J.:

The defendant was indicted for the crime of murder, and convicted of murder in the second degree. He appeals from the judgment and from an order overruling his motion for a new trial.

It appears from the bill of exceptions that "after the testimony and argument of counsel was closed, and before the jury retired to deliberate, the Court, without the consent of defendant or his counsel—they being present and neither consenting or objecting thereto—remarked to the jury orally as follows, stated from memory and recollection of the words used, to wit: You were given an instruction on the part of the defense, that in order to convict it is necessary that the prosecution should prove that the killing was done in this county. I can only state the evidence, and it is for you to draw the conclusion."

The Court then proceeded to read to the jury a written instruction which it is unnecessary to consider.

In the case of *The People* v. *Sanford*, 43 Cal. 29, we reviewed and reaffirmed the several decisions of this Court, which hold that under the provisions of our statute it is error *per se* for a trial Court, in a criminal case, to give to the jury any charge or instructions otherwise than in writing, except by the express consent of the parties, and that the consent of the defendant cannot be inferred from his failure to object at the time the oral charge is given.

There can be no doubt that this error was committed in the present case. It is a correct principle of law that it is the province of the Judge to state the evidence, and that it is for the jury to draw their conclusions from the evidence. But we cannot consider the correctness of the principle announced, or the probable materiality of its influence upon the minds of the jury. It is the wise provision of the statute that there should be a written record of the entire charge, and that the life or liberty of the defendant should not depend in the least degree upon the memory of the Judge.

Upon the authority of *The People* v. *Sanford, supra,* and the cases cited in that opinion, the judgment and order herein must be reversed, and the cause remanded for a new trial.

So ordered.

Mr. Justice CROCKETT did not express an opinion.